IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CR-00096-M-RN

UNITED STATES OF AMERICA :
:
v. :            PRELIMINARY
:        ORDER OF FORFEITURE
JOHN BROADWAY :

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement as to Counts One, Three and Four of the Criminal Indictment, charging the defendant with offenses in violation of 21 U.S.C. § 841(a)(1) (Count One), 21 U.S.C. § 841(a)(1) (Count Three) and 18 U.S.C. § 924(c)(1)(A) (Count Four);

AND WHEREAS, the government has filed a motion for entry of a Preliminary Order of Forfeiture, showing unto the Court: that each item of property constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offense(s) to which the defendant has been found guilty, and/or was used or intended to be used to commit or facilitate the commission of the drug offense(s) to which he/she has been found guilty, and is thereby subject to forfeiture pursuant to 21 U.S.C. § 853(a); that each firearm and ammunition was involved in or used in the offense(s) to which the defendant has been found guilty, or was in the defendant's possession or immediate control at the time of arrest, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665; and that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial,

possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

NOW, THEREFORE, based upon the defendant's guilty plea along with the stipulations contained in the Memorandum of Plea Agreement, the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. §§ 924(d) and/or 3665 and 21 U.S.C. § 853(a):

### Personal Property:

b) A S&W Bodyguard .380, bearing serial number KDW3999, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024849);

c) A Sig Sauer, 9MM, bearing serial number 66F632632, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024850);

d) A Teal SCCY handgun, 9MM, bearing serial number 720460, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024842);

2

e) A Beretta 9mm Type 92X, bearing serial number 92X0066546, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024833);

f) A Canik handgun, 9MM, bearing serial number T6472-22CB 02448, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024847);

g) A Taurus Judge .45/.410, bearing serial number DS223085, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024841);

h) A Silver revolver with black grips No Serial, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024832);

i) A TISAS Night Stalker JOKER handgun, bearing serial number T0620-23BF02646, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024836);

j) A Freedom Ordinance rifle, 9MM, bearing serial number 053061, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024844);

k) A Ruger Mini 14, .223, bearing serial number 181-29430, seized on

3

February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024853);

l)  A Norinco SKS rifle, 7.62, bearing serial number 00860, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024838);

m) A Marlin lever action rifle, bearing serial number MR30759G, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024856);

n)  A Mossberg .22, bearing serial number eli3503265, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024837);

o)  A Remington 770 bolt action rifle, .270 WIN, bearing serial number M71720967, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024851);

p)  A Ruger .22 rifle, bearing serial number 249-54350, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024845);

q)  An Anderson SEMI AUTO .223 rifle, bearing serial number 21150552, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024846);

4

r) A Winchester Model 55 rifle, 30WCF, bearing serial number 2783, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024857);

s) A Remington 870 shotgun, 20-gauge, bearing serial number RF74008A, seized on February 21, 2025, from 2909 Robin Drive, Shallotte NC and any and all associated ammunition (Asset ID No. 25-ATF-024854);

General Forfeiture Order:

t) Any other property, not identified above, that constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offense(s) of conviction in Count One (21 U.S.C. § 841(a)(1)) and Count Three (21 U.S.C. § 841(a)(1)), and/or was used or intended to be used to commit or facilitate the commission of such offense(s);

u) Any other firearm and ammunition, not identified above, that was involved in or used in the offense(s) of conviction, or was in the defendant's possession or immediate control at the time of arrest.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any

5

action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

4. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an

6

appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

5. Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. The petition may be hand-delivered to the Clerk at any federal courthouse within the Eastern District of North Carolina or mailed to the following address:

> U.S. District Court Clerk
> Eastern District of North Carolina
> P.O. Box 25670
> Raleigh, NC 27611

6. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in

7

accordance with the following paragraph, as to any remaining property to which no petition has been filed.

7. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7). If any firearm or ammunition subject to this Order is in the physical custody of a state or local law enforcement agency at the time this Order is entered, the custodial agency is authorized to dispose of the forfeited property by destruction or incapacitation in accordance with its regulations, when no longer needed as evidence.

8. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e), when additional specific or substitute property is identified.

SO ORDERED, this the 29th day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE